UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE CLAY, Inmate #1225729,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEPARTMENT; EL CAJON POLICE DEPARTMENT; STATE OF CALIFORNIA; EDWIN C. MILLER; PAUL J. PFINGST,<br><br>                              Defendants. | Case No.: 3:23-cv-00360-JAH-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b); and**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 4]** |

Kenneth Wayne Clay ("Plaintiff" or "Clay"), currently incarcerated at the Riverbend Correctional Facility in Milledgeville, Georgia, is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Clay has also filed a Motion to Proceed to Proceed *In Forma Pauperis* ("IFP"), and a Motion to Appoint Counsel. *See* ECF Nos. 2, 4. Clay claims the Defendants violated his due process and Eighth Amendment rights. Compl., ECF No. 1 at 3.

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

---

[1] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

Clay has provided a certified trust account statement in support of his IFP Motion pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *See* ECF No. 2 at 8–10; ECF No. 3; *Andrews*, 398 F.3d at 1119. That document shows Clay has an available balance of $0.00. *See* ECF No. 2 at 8–10; ECF No. 3. Therefore, the Court **GRANTS** Clay's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and directs the Commissioner of the Georgia Department of Corrections, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court for the United States District Court for the Southern District of California. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

A.   <u>Legal Standard</u>

Because Clay is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

    "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

    "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.  <u>Discussion</u>

    In his Complaint, Clay alleges his due process and Eighth Amendment rights were violated by the Defendants because they "had no venue or jurisdiction to arrest me[,] [n]or

did they have an investigation on residing address and no parties showed up in court." Compl., ECF No. 1 at 3. When a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). The Fourth Amendment provides, in pertinent part, as follows: "The right of the people . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., Amend. IV. Because Clay alleges he was unlawfully arrested, his claims are most properly interpreted under the Fourth Amendment.

It is not clear from the Complaint whether Clay is in pre-trial custody pursuant to the allegations contained in the Complaint or has been convicted of the crimes for which he alleges he was wrongfully arrested. In either case, however, his Complaint must be dismissed. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486-87; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck*'s favorable termination rule to *Bivens* actions). If Clay has been convicted, his § 1983 claims would be barred by *Heck* to the extent they may "necessarily imply the invalidity" of his criminal judgment. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated).

If he has not yet been convicted, it appears this Court may be barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state

criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of *Younger*'s requirements are met here, and Clay has not demonstrated that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings. Accordingly, if Clay has not yet been convicted, the Court must abstain from interfering in his ongoing state criminal case. *Younger*, 401 U.S. at 45–46; *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

In any event, Clay has not stated a plausible Fourth Amendment wrongful arrest claim. The Fourth Amendment requires that an officer have probable cause to arrest a person without a warrant. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). "Probable cause exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id*. (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Clay has not specified whether his arrest was warrantless. Compl., ECF No. 1. Nor has he has explained what any Defendant did or did not do which plausibly shows his arrest was without a warrant or probable cause. He simply states "they had no venue or jurisdiction to arrest [him]," had no "investigation on residing address," and "no parties

showed up in court." *Id.* That is not sufficient to state a plausible § 1983 claim. *Iqbal*, 556 U.S. at 678.

### III. Motion for Appointment of Counsel [ECF No. 4]

Clay has asked this Court to appoint counsel. *See* Mot. to Appt. Counsel, ECF No. 4. There is no constitutional right to counsel in a civil case and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Clay's Complaint demonstrates he is capable of legibly articulating the facts and circumstances relevant to his claims, which are not complex. Because Defendants have yet to respond to the Complaint, a determination regarding the likelihood of success on the merits or Clay's ability to prosecute this matter is premature. Indeed, the Court has determined at this juncture that his he has not stated a plausible § 1983 claim against any Defendant. Exceptional circumstances warranting appointment of counsel do not exist at this time. *See Agyeman*, 390 F.3d at 1103. Thus, the Court **DENIES** Clay's request for appointment of counsel without prejudice to him renewing the request if he wishes to do so at a later stage of these proceedings.

### IV. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 4);

2) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2);

3) **ORDERS** the Commissioner of the Georgia Department of Corrections, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty

percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO HIS ACTION;

  4) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Tyrone Oliver, Commissioner of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia 31029;

  5) **DISMISSES** Plaintiff's Complaint as to all Defendants sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

  6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff is advised his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff's Amended Complaint must be entitled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 22-cv-01801-BAS-WVG in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a.

///
///
///
///
///
///

In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use should he choose to amend.

**IT IS SO ORDERED.**

Dated: May 4, 2023

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE