UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE CLAY,<br>Inmate #1225729,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEPARTMENT;<br>EL CAJON POLICE DEPARTMENT;<br>STATE OF CALIFORNIA; EDWIN C.<br>MILLER; PAUL J. PFINGST,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:23-cv-00360-JAH-MMP<br><br>**ORDER DISMISSING AMENDED COMPLAINT [ECF No. 10] PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

On February 22, 2023, Kenneth Wayne Clay ("Plaintiff" or "Clay") filed a civil rights action pursuant to 42 U.S.C. § 1983, a Motion to Proceed to Proceed *In Forma Pauperis* ("IFP"), and a Motion to Appoint Counsel. *See* ECF Nos. 1–4. The Court granted Clay's IFP Motion, denied his Motion to Appoint Counsel, and dismissed his Complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). ECF No. 6. Clay was given forty-five (45) days within which to file an Amended Complaint, and he did so on May 30, 2023. *Id.*; ECF No. 10. Clay then filed a Supplemental Complaint on July 3, 2023. ECF No. 11

/ / /

/ / /

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

### A. Legal Standard

As with his original Complaint, Clay's Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was

///

committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.  Discussion

Clay makes essentially the same allegations in his Amended Complaint as he did in his original Complaint, claiming that the Defendants violated his due process and Fourth Amendment rights when they unlawfully arrested him. Am. Compl., ECF No. 10 at 4–5. He also alleges the charges related to that arrest were dismissed and the Defendants have violated his due process rights by failing to have the arrest removed from his NCIC (National Crime Information Center) readout. *Id*. at 3–5.

The Court dismissed Clay's original Complaint in part on the grounds that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486–87. The Court explained that if Clay had been convicted of the charges stemming from his arrest, his § 1983 claims would be barred by *Heck* to the extent they may "necessarily imply the invalidity" of his criminal judgment. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Clay has now provided the Court with his NCIC printout, which indicates he was arrested on March 30, 1995, he was "release[d] due to delay," and there appears to be no conviction associated with that arrest. *See* ECF No. 7 at 6. Accordingly, his claims may not be subject to the *Heck* bar.

Clay's Amended Complaint must be dismissed for other reasons, however. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d

954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's current statute of limitations for personal injury actions is two years. *Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1). Prior to 2003, however, the statute of limitations was one year. *See Jones*, 393 F.3d at 927. The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is four years (two year limitations period plus two years statutory tolling). For

claims which accrued before 2003, however, the effective statute of limitations is three years (one year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, Clay had three years from the date of the arrest to file his federal lawsuit, which means it should have been filed at the latest on March 29, 1998. He filed it on February 21, 2023. ECF No. 1.

Clay's wrongful arrest claim could be considered timely if he alleges facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

Clay has not pled any facts which would explain why he did not diligently pursue this claim or what "forces beyond his control" prevented him from filing this action earlier. Thus, he has not plausibly alleged a claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see*

*also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010). Accordingly, it is clear from the face of the Amended Complaint that Clay's claim that his March 30, 1995 arrest was unlawful and violated his Fourth Amendment rights is barred by the statute of limitations.

Clay's claim that Defendants improperly failed to remove his March 30, 1995 arrest from his NCIC readout, in violation of his due process rights may not be barred by the statute of limitations, however, because it is unclear when any Defendant committed the wrongful act. But, even if this claim is not barred by the statute of limitations, Clay has not stated a plausible § 1983 claim.

First, Clay's claims against the State of California are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Second, Clay has not plausibly alleged a due process claim against Defendants Miller and Pfingst because he has not explained what actions those defendants did or did not take which violated his due process rights. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999), as amended (Dec. 9, 1999) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). To state a § 1983 claim, a plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Clay does not name any specific actions or omissions by Miller or Pfingst which plausibly show they violated his constitutional rights. He simply states that the charges which resulted from his March 30, 1995 were dismissed but improperly remain on his NCIC readout. These are broad and conclusory allegations which do not explain how any individual Defendant violated his Constitutional rights. Therefore, his Complaint fails to state a plausible claim for relief against Defendants Pfingst and Miller under section 1983. *Iqbal*, 556 U.S. at 678.

Further, although the San Diego Police Department and the El Cajon Police Department are managed by and/or are departments of the County of San Diego and are subject to suit as "persons" under § 1983, *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023), "a local government [and its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To bring a § 1983 claim against these Defendants, Clay must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). "A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). "Allegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) . . . show how the deficiency involved was obvious and the constitutional injury was likely to occur." *McDaniel v. Diaz*, No. 1:20-cv-00856-NONE-SAB, 2020 WL 7425348, at *22 (E.D. Cal. Dec. 19, 2020) (quoting *Lucas v. City of Visalia*, No. 1:09-CV-1015AWIDLB, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010) (citation omitted); *see also Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Clay does not claim San Diego County has a policy or custom of failing or refusing to correct the NCIC readouts of arrestees. Nor has he pled sufficient facts to plausibly

allege San Diego County has any such custom or practice because he has not identified any specific acts by any individual defendant which violated his constitutional rights. Accordingly, he has failed to state a claim against Defendants San Diego Police Department and El Cajon Police Department. *Iqbal*, 556 U.S. at 678.

**II.    Conclusion and Order**

Based on the foregoing, the Court:

1) **DISMISSES** Plaintiff's Complaint as to all Defendants sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Second Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff is advised his Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff's Second Amended Complaint must be entitled as his "Second Amended Complaint," contain S.D. Cal. Civil Case No. 23-cv-00360-JAH-MMP in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a.

In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form

///
///
///
///
///

Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use should he choose to amend.

**IT IS SO ORDERED.**

Dated: August 2, 2023

_____
Hon. John A. Houston
United States District Judge