UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE CLAY,<br>Inmate #1225729,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEPARTMENT;<br>EL CAJON POLICE DEPARTMENT;<br>EDWIN C. MILLER; PAUL J. PFINGST,<br><br>                              Defendants. | Case No.:  3:23-cv-00360-JAH-MMP<br><br>**ORDER:**<br><br>**(1) DISMISSING SECOND AMENDED COMPLAINT [ECF No. 18] PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b); and**<br><br>**(2) DENYING MOTION TO COMPEL RULING, MOTION FOR RULING AND ORDER, MOTION TO APPOINT COUNSEL, MOTION TO COMPEL, AND MOTION FOR SERVICE [ECF Nos. 19–23]** |

On February 22, 2023, Kenneth Wayne Clay ("Plaintiff" or "Clay") filed a civil rights action pursuant to 42 U.S.C. § 1983, a Motion to Proceed to Proceed *In Forma Pauperis* ("IFP"), and a Motion to Appoint Counsel. *See* ECF Nos. 1–4. The Court granted Clay's IFP Motion, denied his Motion to Appoint Counsel, and dismissed his Complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). ECF No. 6. Clay was given forty-five (45) days within which to file an Amended Complaint. *Id.*

Clay filed an Amended Complaint on May 30, 2023, a Supplemental Complaint on July 3, 2023, and a Cumulative Supplement on July 31, 2023. ECF Nos. 10–11, 14. The Court dismissed Clay's Amended Complaint on August 2, 2023 for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). ECF No. 13. Clay was given 45 days to file a Second Amended Complaint (SAC). *Id.*

Clay filed a Second Cumulative Supplement on August 8, 2023, and a Second Amended Complaint ("SAC") on August 28, 2023. ECF Nos. 15, 18. He subsequently filed a Motion to Compel Ruling, a Motion for Ruling and Order, a Motion to Appoint Counsel, a Motion to Compel, and a Motion for Service. ECF Nos. 19–23.

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

A. <u>Legal Standard</u>

As with his original Complaint, Clay's SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Section 1983 creates a private right of action against individuals who, acting under

color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.  Discussion

The allegations in Clay's SAC are based on the same set of facts as both his Original and Amended Complaints. He claims he was unlawfully arrested in 1995, the charges related to that arrest were dismissed, and the Defendants have violated his First and Fourth Amendment rights as well as his due process rights by failing to have the arrest removed from his National Crime Information Center (NCIC) readout. SAC, ECF No. 18 at 3–4.

1.  Fourth Amendment and Due Process Claims

As he did in his first two complaints, Clay claims his Fourth Amendment rights were violated when officers of the El Cajon Police Department unlawfully arrested him on March 30, 1995, and that his Due Process rights have been violated because the arrest remains on his NCIC readout. *Id*. at 3–4.

As the Court explained to Clay in its August 2, 2023 dismissal Order relating to his Fourth Amendment and Due Process claims, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Although California's current statute of limitations for personal injury actions is two years, prior to 2003, the statute of limitations was one year. *See Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927. Under California law, the statute of limitations for prisoners serving less than a life

sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, because Clay's claims accrued before 2003, the effective statute of limitations is three years (one year limitations period plus two years statutory tolling).

While the length of the limitations period is determined by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, Clay had three years from the date of his March 30, 1995 arrest to file his federal lawsuit, which means it should have been filed at the latest on March 29, 1998.

Clay's Fourth Amendment and Due Process claims could be considered timely if he alleged facts sufficient to show the limitations period was *equitably* tolled. *See e.g., Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (reversing dismissal of arrestee's time-barred § 1983 claim as the "amended complaint adequately alleges facts supporting equitable tolling of the limitations period"). As the Court advised Clay in its August 2, 2023 dismissal Order, under California law, Clay must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978). Clay has not pled any facts in the SAC which would explain why he did not diligently pursue his Fourth Amendment claim or what "forces beyond his control" prevented him from filing this action earlier. Thus,

despite being given an opportunity to do so, he has not plausibly alleged a claim for equitable tolling as to his Fourth Amendment and Due Process claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (Where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling.); *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).

    a. <u>Defendants Miller and Pfingst</u>

In addition, as the Court explained to Clay in its August 2, 2023 dismissal Order, his claim that Defendants violated his Due Process rights by improperly failing to remove his March 30, 1995 arrest from his NCIC does not state a plausible § 1983 claim. *See* ECF No. 13. Clay has not plausibly alleged a Due Process claim against Defendants Miller and Pfingst. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Clay does not have a liberty interest in an accurate NCIC record.

Further, Clay has not explained what Miller or Pfingst personally did or did not do which violated his due process rights. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999), as amended (Dec. 9, 1999) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). To state a § 1983 claim, a plaintiff must allege how "each Government-official

defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Clay does not name any specific actions or omissions by Miller or Pfingst which plausibly show they violated his constitutional rights. He simply states that the charges which resulted from his March 30, 1995 were dismissed but improperly remain on his NCIC readout. These are broad and conclusory allegations which do not explain how any individual Defendant violated his Constitutional rights. Therefore, his Complaint fails to state a plausible Due Process claim for relief against Defendants Miller and Pfingst under section 1983. *Iqbal*, 556 U.S. at 678.

### b. Defendants San Diego Police Department and El Cajon Police Department

Although the San Diego Police Department and the El Cajon Police Department are departments of the cities of San Diego and El Cajon and are subject to suit as "persons" under § 1983, *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023), "a local government [and its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To bring a § 1983 claim against these Defendants, Clay must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Id.* at 690. "A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). "Allegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how

the policy/custom caused the plaintiff harm; and (4) . . . show how the deficiency involved was obvious and the constitutional injury was likely to occur." *McDaniel v. Diaz*, No. 1:20-cv-00856-NONE-SAB, 2020 WL 7425348, at *22 (E.D. Cal. Dec. 19, 2020) (quoting *Lucas v. City of Visalia*, No. 1:09-CV-1015AWIDLB, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010) (citation omitted); *see also Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Clay does not claim the City of San Diego or the City of El Cajon has a policy or custom of failing or refusing to correct the NCIC readouts of arrestees. Nor has he pled sufficient facts to plausibly allege either City has any such custom or practice because he has not identified any specific acts by any individual defendant which violated his constitutional rights. As such, he has failed to state a claim against Defendants San Diego Police Department and El Cajon Police Department. *Iqbal*, 556 U.S. at 678. Accordingly, his Fourth Amendment and Due Process claims must be dismissed without leave to amend.

2. First Amendment Claim

Clay also alleges a new First Amendment claim in his SAC. He claims that while he was incarcerated at the California Institute for Men in Chino, California in July of 1996, he filed a grievance seeking to remove the dismissed case from his NCIC readout. SAC, ECF No. 18 at 5. His counselor told him to drop the grievance because "if the other inmates found out about the charges on [his] jacket as an R (sexual assault), they would kill [him]." *Id.* Clay claims that when he refused to drop the grievance, "they punished and retaliated against me by putting me in the hole," in violation of his First Amendment rights. *Id.*

The First Amendment retaliation allegations are plagued with the same statute of limitation concerns that burden his Fourth Amendment and Due Process claims. Clay also had three years from the date of the alleged July 1996 retaliation to file his federal lawsuit alleging the First Amendment retaliation claim, which means it should have been filed at the latest in July of 1999. By the time he filed this lawsuit on February 21, 2023, the statute of limitations had expired for both his First and Fourth Amendment claims. *See* ECF No. 1.

1  Although Clay has not had the opportunity to allege facts showing he is entitled to
2  equitable tolling as to his First Amendment retaliation claim because he raises it for the
3  first time in his SAC. Absent equitable tolling, his First Amendment claim must also be
4  dismissed. Even if this Court were to conclude, which it does not, that Clay was entitled to
5  equitable tolling as to his First Amendment claim, the claim would have to be dismissed
6  for lack of proper venue.

7  Venue may be raised by a court *sua sponte* where the defendant has not yet filed a
8  responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d
9  1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in
10 pertinent part, that a "civil action may be brought in–(1) a judicial district in which any
11 defendant resides, if all defendants are residents of the State in which the district is located;
12 [or] (2) a judicial district in which a substantial part of the events or omissions giving rise
13 to the claim occurred, or a substantial part of property that is the subject of the action is
14 situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v.
15 Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a
16 district in which is filed a case laying venue in the wrong division or district shall dismiss,
17 or if it be in the interests of justice, transfer such case to any district or division in which it
18 could have been brought." 28 U.S.C. § 1406(a).

19 Clay alleges the First Amendment violation took place at the California Men's
20 Institution, in Chino, California, which is located in San Bernardino County. SAC, ECF
21 No. 18 at 5. San Bernardino County is within the jurisdiction of the United States District
22 Court for the Central District of California, Eastern Division and not in the Southern
23 District of California. 28 U.S.C. § 84(c)(1), (d). As such, no event or omission giving rise
24 to Clay's suit is alleged to have occurred in either San Diego or Imperial County, and no
25 Defendant is affirmatively alleged to reside here. *See* SAC, ECF No. 18; 28 U.S.C. § 84(d).
26 Accordingly, his First Amendment claim must also be dismissed, but without prejudice, as
27 Clay could bring it in a new, separate action in the Central District of California. *Costlow*,
28

790 F.2d at 1488.[1]

   3. El Cajon Superior Court

Finally, Clay does not name the El Cajon Superior Court as a Defendant. Clay, however, alleges his Due Process rights were violated when El Cajon Superior Court failed to answer his "Motion for Innocence" and "Petition for Sealing of Arrest Records." SAC, ECF No. 18 at 5. Clay has attached the motion and petition he sent to the El Cajon Superior Court as well as the letter the court sent him in response. The letter indicates the court responded to his petition by explaining that he had not complied with the governing statute and therefore the court could not consider it. SAC, ECF No. 18-1 at 11–19. Regardless of the Superior Court's alleged actions or inactions, the Superior Court is a state agency and, under the Eleventh Amendment, it cannot be sued in federal court. *See, e.g., Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("a suit against the Superior Court is a suit against the State, barred by the eleventh amendment") (citing *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986)); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a [§ 1983] claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)).[2]

---

[1] Plaintiff is advised he will most likely be required to establish in his complaint that the statute of limitations was equitably tolled.

[2] It appears that if Clay seeks to have his arrest records sealed and destroyed because he was arrested and an accusatory pleading was filed but no conviction occurred, California Penal Code § 851.8 requires him to "petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made," and to "serve[] [the petition] upon the prosecuting attorney of the county or city in which the accusatory pleading was filed at least 10 days prior to the hearing on the petitioner's factual innocence." Cal. Penal Code § 851.8(c); *see also* SAC, ECF No. 18-1 at 11–19.

C. <u>Motion to Compel Ruling, Motion for Ruling and Order, Motion to Appoint Counsel, Motion to Compel, and Motion for Service [ECF Nos. 19–23]</u>

The Court has dismissed this action in its entirety without further leave to amend. Accordingly, Clay's Motion to Compel Ruling, Motion for Ruling and Order, Motion to Appoint Counsel, Motion to Compel, and Motion for Service [ECF Nos. 19–23] are **DENIED** as moot.

## II.   Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** Clay's Fourth Amendment and Due Process claims against all Defendants without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend these claims would be futile. *Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). The Fourth Amendment and Due Process claims are **DISMISSED with prejudice**.

2) **DISMISSES** Clay's First Amendment retaliation claim for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). For failure to establish that equitable tolling applies to avoid dismissal with prejudice based upon the expiration of the statute of limitations and improper venue, the dismissal of this claim is **without prejudice** and with leave to amend <u>only</u> in the proper venue.

3) To the extent Clay intended to identify the El Cajon Superior Court as a defendant herein, but omitted identifying the court as a defendant, his allegations against

that court are **DISMISSED with prejudice**. As such, the Court **DENIES** Plaintiff's Motion to Compel Ruling, Motion for Ruling and Order, Motion to Appoint Counsel, Motion to Compel, and Motion for Service [ECF Nos. 19–23] **with prejudice**.

   4) The Court **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the case.

   **IT IS SO ORDERED.**

Dated: October 13, 2023

_____
Hon. John A. Houston
United States District Judge